UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#21

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7586 PSG (JPRx) | | Date | July 17, 2015 |
|---|---|---|---|---|
| Title | Kashif A. Rasheed v. U.S. Department of Transportation, Federal Aviation Administration (FAA), *et al.* | | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendant's motion to dismiss

Pending before the Court is Defendant Anthony Foxx's, in his official capacity as United States Secretary of Transportation ("Defendant"), motion to dismiss. Dkt. # 21. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and responding papers, the Court GRANTS the motion.

I.   Background

   A.   Factual Background

This case arises pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16, *et seq.* ("Title VII") for alleged discriminatory and retaliatory acts that occurred during Plaintiff Kashif A. Rasheed's ("Plaintiff" or "Rasheed") employment with the Federal Aviation Administration ("FAA"). *See generally FAC*. Plaintiff is a black male who was employed as a Compliance and Enforcement Inspector at Defendant's Western Compliance and Enforcement Center from September 2000 to March 2012. *Id.* 3:19-20, 7:5-8. Plaintiff pleads that when he began this employment around September 2000 Andrew F. Monetti ("Monetti") was Plaintiff's manager. *Id.* 7:8-11. Around 2010, Jeffrey Stookey ("Stookey") replaced Monetti as the manager and Kevin Kearns ("Kearns") "joined him shortly thereafter as a Team Coordinator." *Id.* 7:11-15.

Plaintiff alleges that in May 2005, he was the "target of a false and malicious complaint by former female Inspector Deborah Wallace after a field inspection assignment." *Id.* 8:19-22. According to Plaintiff, Monetti asked him to commit perjury by changing his response to that complaint and, after he refused to do so, Monetti "adopted and perpetually maintained an animus attitude and long arm reach toward Plaintiff" because Monetti was held to answer as culpable for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7586 PSG (JPRx) | | Date | July 17, 2015 |
|---|---|---|---|---|
| Title | Kashif A. Rasheed v. U.S. Department of Transportation, Federal Aviation Administration (FAA), *et al.* | | | |

Wallace's conduct. *Id.* 9:15-22. After this incident, sometime after 2006, Defendant published a vacancy for a Team Coordinator position for which Plaintiff claims he qualified. *Id.* 9:25-11:4. Plaintiff responded to the advertisement, as well as two other individuals – Eric Eugene Wells ("Wells") and Diana Matre Hawley ("Hawley") – who are both Caucasian. *Id.* 10:12-25. Monetti offered the position to Wells, who had the required experience, and after Wells refused the offer, Monetti offered it to Hawley, even though she had no experience in the position. *Id.* 10:5-25. Plaintiff contends, then, that Monetti did not promote Hawley based on her qualifications, but "on her skin color as the only other white applicant." *Id.* 11:5-15.

After Hawley became the Team Coordinator, Plaintiff was constantly "targeted and summoned and subjected on a daily basis to ongoing closed door meetings, verbal threats, harassment, false innuendos, mental anguish, havoc, harangues, and diatribes" by Hawley. *Id.* 11:18-25. Plaintiff pleads that her conduct was sanctioned by Monetti who ignored Plaintiff when he complained. *Id.* 11:23-12:3.

After receiving authorization from Monetti, Plaintiff complained in writing to Rafael Ramos ("Ramos"), the FAA Drug Abatement Division's first line manager and although the conditions improved temporarily the "abuse thereafter resumed." *Id.* 12:1-5. Plaintiff wrote a complaint letter to Dr. Frederick Tilton, the Federal Flight Surgeon, and after that letter he observed that Ramos had an attitude of displeasure towards him. *Id.* 12:5-14. Plaintiff believes that he continued to be a target for discrimination.

For example, he pleads that in 2008, he was "denied the opportunity of at least 45 minutes to vote" during the 2008 Presidential Election and, since he was scheduled to work in San Diego County that week, he was "subjected to driving back to Los Angeles County election night in order to vote." *Id.* 12:15-28.

Additionally, in December 2009, when Hawley left the office for ninety days for a temporary duty detail in another location, Monetti approached Wells and asked him privately if he would like to be promoted for that period without including Plaintiff in that consideration. *Id.* 13:1-22. In January 2010, Plaintiff had a meeting with Monetti in which he informed him that he "felt discriminated against because of the practices adhered to and employed by Defendant" and that he planned to file an EEO complaint. *Id.* 13:24-14:2.

Around January 28, 2010, Plaintiff filed an informal complaint. *Id.* 14:4-7. Plaintiff abandoned this complaint after Monetti's repeated requests for "mediation and resolution," but Monetti failed to mediate and subsequently "appeared more angry toward Plaintiff in his words, manner, and assignments." *Id.* 14:8-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7586 PSG (JPRx) | | Date | July 17, 2015 |
|---|---|---|---|---|
| Title | Kashif A. Rasheed v. U.S. Department of Transportation, Federal Aviation Administration (FAA), *et al.* | | | |

Monetti also, "without Plaintiff's consent or knowledge," "utilized Plaintiff's Social Security Number, Juror's ID and Pin, and other sensitive information" to change Plaintiff's jury duty service date to one of Monetti's choosing after Plaintiff received a notice for jury duty service in the County of Los Angeles. *Id.* 14:18-15:2. Monetti also sent Plaintiff to remedial training in Washington, DC at the direction of Ramos. *Id.* 15:4-8. According to Plaintiff, Defendant had never changed another employee's jury service date or sent an employee with similar experience to remedial training. *Id.* 15:9-17. Monetti was replaced by Stookey in the last quarter of 2010. *Id.* 15:18-24.

After Stookey became the new manager and Kearns became a team coordinator, Plaintiff was again summoned to jury duty service. *Id.* 16:4-5. Plaintiff pleads that he provided Stookey with the "actual summons" for review and "with a true and accurate copy of the [s]ummons upon completion of review." *Id.* 16:5-12.

Nevertheless, around six months after completion of jury service, Stookey told him that he was under investigation for fraud. *Id.* 16:14-18. Plaintiff was charged with "Making False or Misleading Statements in Connection with any Inquiry, Investigation, etc., for Oneself or Another," "Misrepresenting Information on Time and Attendance Records for [O]neself or [A]nother," and "Absence [W]ithout [L]eave." *Id.* 16:19-24. Stookey confiscated Plaintiff's government issued laptop computer for around three weeks without providing an explanation. *Id.* 16:25-28. According to Plaintiff, Defendant then garnished his wages and placed him on administrative leave. *Id.* 17:1-3. Plaintiff was removed from Federal service while on leave and denied unemployment benefits. *Id.* 17:5-7.

Plaintiff filed a discrimination complaint to the U.S. Department of Transportation Office of Civil Rights on June 26, 2012. *Id.* 4:5-9. Plaintiff received a final decision from the agency around December 13, 2012. *Id., Ex.* 1.

On September 30, 2014, Plaintiff filed this action and then filed the FAC on April 15, 2015 bringing claims for (1) discrimination under Title VII; (2) retaliation under Title VII; (3) breach of the implied covenant of good faith and fair dealing; and (4) declaratory relief. *See Compl.; FAC.*

II.     Legal Standard

At the outset, the Court notes that Plaintiff is *pro se*. Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7586 PSG (JPRx) | | Date | July 17, 2015 |
|---|---|---|---|---|
| Title | Kashif A. Rasheed v. U.S. Department of Transportation, Federal Aviation Administration (FAA), *et al.* | | | |

motions as well as complaints."). In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citations omitted).

    A.    <u>12(b)(1)</u>

A motion to dismiss for lack of subject matter jurisdiction is brought under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). A party may raise a Rule 12(b)(1) challenge as a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the moving party challenges subject matter jurisdiction "on the ground that the allegations of the complaint are facially insufficient to demonstrate the existence of federal subject matter jurisdiction;" in a factual challenge, however, the moving party disputes "the truth of the allegations concerning jurisdiction." *See McNeil v. USPS*, 2010 WL 3371751, at *5 (C.D. Cal. 2010). If a moving party converts "the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

    B.    <u>12(b)(6)</u>

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7586 PSG (JPRx) | | Date | July 17, 2015 |
|---|---|---|---|---|
| Title | Kashif A. Rasheed v. U.S. Department of Transportation, Federal Aviation Administration (FAA), *et al.* | | | |

unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556); *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Moreover, immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

III.    Discussion

Defendant argues that Plaintiff's Title VII claims should be dismissed because Plaintiff failed to bring them in a timely manner and that the Court does not have jurisdiction over Plaintiff's remaining claims because title VII is the exclusive remedy for job-related discrimination alleged by a federal employee. *Mot.* 2:13-18; 3:17-22.

   A.    Title VII Causes of Action

      *i.    Timeliness*

To have standing to sue under Title VII, a plaintiff must first exhaust his administrative remedies by filing a formal EEO complaint. *See Sommatino v. United States*, 255 F. 3d 704, 707-08 (9th Cir. 2001). After receiving a final decision by an agency, a Plaintiff has ninety days to file a civil action. *See* 42 U.S.C. §§ 2000e-16(c); *Payan v. Aramark Mgt. Srvcs. Ltd. Partnership*, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety days of the date EEOC dismisses a claim, then the action is time-barred.") (citations and quotations omitted).

Here, Plaintiff pleads that he received a final agency decision on December 13, 2012 and, therefore, the action filed in this Court, on September 30, 2014 is untimely. *See Payan*, 495 F.3d at 1121.

In opposition, Plaintiff submits some documents that seem to show that Plaintiff appealed the decision from the EEO to the Merit Systems Protection Board ("MSPB") and that the Board issued a final decision on August 4, 2014. *Opp.* 3:20-23, *Ex.* 14. As an initial matter, the Court cannot consider extrinsic material without improperly converting this motion into a summary judgment motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Furthermore, even if the Court considered this evidence, it is not sure that Plaintiff's Title VII claims would be timely. Under 5 U.S.C. § 7703(b)(2), an individual has thirty days from a final MSPB board decision to file a civil action. *See* 5 U.S.C. § 7703(b)(2). Nevertheless, since the Court has not previously assessed the merits of Plaintiff's action, it grants him leave to amend to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7586 PSG (JPRx) | | Date | July 17, 2015 |
|---|---|---|---|---|
| Title | Kashif A. Rasheed v. U.S. Department of Transportation, Federal Aviation Administration (FAA), *et al.* | | | |

plead facts that would establish that this action is timely or that it is appropriate to excuse a late filing. *See Garcia v. Vilsack*, 628 F. Supp. 2d 1306, 1310 (D.N.M. 2009) (citing *Mosley v. Pena*, 100 F.3d 1515 (10th Cir. 1996)).

Accordingly, Plaintiff's Title VII claims – the first cause of action for discrimination and the second cause of action for relation – are dismissed WITH LEAVE TO AMEND.

  B. <u>Breach of the Implied Covenant of Good Faith and Fair Dealing (Third Cause of Action) and Declaratory Relief (Fourth Cause of Action)</u>

Plaintiff's third cause of action for a breach of the implied covenant of good faith and fair dealing and fourth cause of action for declaratory relief are grounded on his claim of employment discrimination. *See generally FAC*. For example, to support his third cause of action, Plaintiff alleges that he endured actions that were "disparately detrimental to Plaintiff and not his white counterparts." *Id.* 22:1-10. Similarly, as to declaratory relief, Plaintiff pleads that an actual controversy has arisen because "he was treated disparately different [sic] than his white counterparts." *Id.* 23:3-24.

As the Supreme Court has made clear, Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. General Servs. Admin*, 425 U.S. 820, 829 (1976); *see also Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001) (holding that state law claims can be brought only when "the alleged violations have gone beyond discrimination in the workplace and involve physical and emotional injuries that are highly personal").

Here, as discussed above, Plaintiff's causes of action are based on employment discrimination. Therefore, the Court DISMISSES Plaintiff's third and fourth causes of action WITH LEAVE TO AMEND. The Court grants Plaintiff leave to amend because Plaintiff may be able to plead additional facts showing that these claims are based on conduct that went beyond discrimination in the workplace.

IV. <u>Conclusion</u>

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss. Specifically, the Court DISMISSES WITH LEAVE TO AMEND all of Plaintiff's causes of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7586 PSG (JPRx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | Kashif A. Rasheed v. U.S. Department of Transportation, Federal Aviation Administration (FAA), *et al.* | | |

Plaintiff may file a Second Amended Complaint ("SAC") consistent with this opinion no later than **August 17, 2015**. If Plaintiff fails to file a SAC by that date, the claims will be dismissed with prejudice.

**IT IS SO ORDERED.**